**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

JODI E. CAISON,

       Petitioner,

v.                                                                       Civil Action No.3:04cv70
                                                                       Criminal Action No. 3:03cr20
                                                                       (Judge Broadwater)

UNITED STATES OF AMERICA,

       Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On August 16, 2004, the Court received a letter from the petitioner which was filed as a § 2255 motion. Then, on August 25, 2004, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On August 30, 2004, the petitioner filed a "Request to Expand Time to File Memorandum of Law Pursuant to 28 U.S.C. § 2255. Petitioner Filing Pro Se Request to Have Adequate Time of 90 Days to File Petition." By Order entered on September 2, 2004, the Court granted the petitioner's motion for enlargement of time. Also, by separate Order entered on September 2, 2004, the Court ordered the respondent to answer the motion on or before January 2, 2005. On December 1, 2004, the petitioner filed a "Memorandum of Law to Support Notice for 28 U.S.C. § 2255, Motion to Vacate, Amend, Remand for Resentencing from Sentencing Hearing." On December 23, 2004, the respondent filed Motion of the United States to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 U.S.C. §2255.

On February 15, 2005, the Court entered a Roseboro[1] notice advising the petitioner of his right to respond to the motion to dismiss. On March 14, 2005, the petitioner filed a document titled "Motion

---

[1] Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975)

to State that Petition Should not be Dismissed, Valid Claims Stated that Court Should Adjudicate."

This matter, which is pending before me for initial review and report and recommendation pursuant to the August 30, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge, is ripe for review.

## A. Conviction and Sentence

The petitioner pled guilty to distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On August 26, 2003, the Court sentenced him to 151 months imprisonment. The petitioner did not appeal his conviction and sentence.

## B. Federal Habeas Corpus

### Petitioner's Contentions

In a letter received on August 16, 2004, which the Court filed as a § 2255 motion, the petitioner stated that his testimony resulted in the convictions of other individuals. However, his attorney failed to move for a § 5K1.1 departure for his substantial assistance to the Government.

In his form § 2255 motion, the petitioner raises the following grounds.

(1) Petitioner is sentenced according to the career criminal statute which was not alleged in indictment, this is unconstitutional pursuant to Blakely v. Washington decided on June 24, 2004.

(2) Petitioner is sentenced to criminal conduct which is not stated within the indictment and not alleged or was petitioner advised prior to [his] plea in district court.

(3) Conviction obtained by a violation of the protection against double jeopardy.[2]

### Respondent's Contentions

---

[2] The petitioner does not explain how the double jeopardy clause was violated but he bases his argument on Blakely.

2

(1) The § 2255 motion must be dismissed because the petitioner waived his right to collaterally attack his sentence.

(2) Blakely does not apply retroactively.

(3) The Fourth Circuit has found that Blakely does not apply to the federal sentencing guidelines. See United States v. Hammoud, 378 F. 3d 426 (4th Cir. 2004) (en banc).

## II. ANALYSIS

### A. Waiver

The respondent argues that because the petitioner waived his right to collaterally attack his sentence, his petition should be dismissed.

The Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long as it is knowing and voluntary. United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights. Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "United States v. Marin, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within

3

one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a § 2255 motion despite a waiver of the right to file a collateral attack. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights different than waivers of direct appeal rights. Id.

In the instant case, the petitioner is asserting that his sentence is unconstitutional in light of Blakely and that he is entitled to reduction in his sentence for the substantial assistance he provided to the Government.

Because the petitioner does not allege that his waiver was not knowing or voluntary, the petitioner's claims are barred by the waiver. Even if the petitioner's claims are not barred by the waiver, the petitioner is not entitled to any relief.

**B. Blakely and Booker Claim.**

Blakely v. Washington, 124 S. Ct. 2531 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537 (citations omitted).

The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, 125 S. Ct. 738 (2005). In Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. Thus, Booker not Blakely applies to the federal sentencing

4

guidelines.

The petitioner's conviction became final prior to Booker. While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively to collateral review. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned recommends that the Court find that the petitioner is not entitled to have Booker applied retroactively to his sentence.

**C. Substantial Assistance**

The petitioner asserts he is entitled to substantial assistance for assisting the Government in obtaining convictions of other individuals. According to the Fourth Circuit, the Government has the discretion to determine whether to make a motion for a reduction in a defendant's sentence for rendering substantial assistance. See United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). However, the Government may not withhold such motion that it is obligated to make by the terms of the plea agreement. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 513 U.S. 910 (1994). Further, the Government may not withhold a motion for substantial assistance for an unconstitutional reason, such as race or religion, or for a reason "not rationally related to a legitimate Government end." Wade v. United States, 504 U.S. 181, 185-86 (1992). The defendant has the burden of establishing that the Government's refusal to make a substantial assistance motion violates one of the two limitations on its discretion or breaches the plea agreement. See Id.; Dixon, 998 F.2d at 230.

The Government made no promise in the plea agreement to make a motion for substantial

5

assistance. Further, the petitioner does not allege that the Government withheld such motion for an improper reason. Thus, this claim is without merit.

### III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's motion to dismiss and **DENYING** the petitioner's § 2255 motion and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: July 11, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE